UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEFFON M. DIXON                                                                                            Plaintiff

v.                                                                                          Civil Action No. 3:22-CV-P285-RGJ

CORRECTION OFFICER C. LUCAS                                                                 Defendant

\* \* \* \* \*

### **MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Steffon M. Dixon's *pro se* complaint [DE 1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I.  SUMMARY OF ALLEGATIONS

Plaintiff is a pretrial detainee incarcerated in the Louisville Metro Department of Corrections (LMDC). He brings this action pursuant to 42 U.S.C. § 1983 against LMDC Officer C. Lucas in his individual and official capacities.

According to the complaint, on March 15, 2022, Plaintiff asked Defendant Lucas if he could explain Plaintiff's charges to him. Defendant Lucas stated that "he didnt know how to do it and stated he didnt like my kind." Plaintiff replied, "what do you mean by that because you dont know my family so who are you prefarring to Black people." Defendant Lucas "then stated by justify it saying he dont like people in general and that he think there dumb and animals are way smarter." Plaintiff "then stated okay and went back in sit down." Defendant Lucas "then went on about it by going inside the 'case workers' office telling them that he doesn't like people after he told me that he didn't like my kind."

As relief, Plaintiff seeks monetary and punitive damages and release from illegal detention and expungement of records.

## II.  STANDARD OF REVIEW

When a prisoner seeks relief against governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

## III.  ANALYSIS

Plaintiff's complaint is scant in facts and, at most, alleges one incident of the use of verbal racial harassment by Defendant Lucas.  Abusive or harassing language by a prison official, however, while unprofessional and despicable, does not, without more, amount to a constitutional violation.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *Violett v. Reynolds*,

76 F. App'x 24, 27 (6th Cir. 2003) ("[V]erbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim."); *King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) (instructing that "[t]he use of a racial epithet by itself is not an actionable violation of the Equal Protection Clause."); *Searcy v. Gardner*, No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials.").

For this reason, Plaintiff fails to state a claim upon which relief may be granted, and the Court will dismiss the complaint by separate Order.

Date: December 16, 2022

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
A961.005